Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al., <br><br>  Plaintiffs, <br>         v. <br> LEDEIT & SONS GLASS, INC. a California corporation, <br><br>  Defendant. | Case No.: C13-5378-SA <br><br> **JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al. ("Plaintiffs" or "Trust Funds") and against Defendant LEDEIT & SONS GLASS, INC., a California corporation ("Defendant"), and/or alter egos and/or successor entities, as follows:

   1.   Defendant entered into a Collective Bargaining Agreement ("Bargaining Agreement") between District Council 16 ("Union") and the Northern California Glass Management Association.  The Bargaining Agreement is still in full force and effect.

   2.   RICHARD LEDEIT ("Guarantor") in his capacity as RMO/CEO/President of Defendant LEDEIT & SONS GLASS, INC., confirms that he is authorized to enter into this

1  Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts
2  due pursuant to the terms of this Stipulation.  Guarantor further confirms that all successors in
3  interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling
4  companies), and any companies with which Defendant joins or merges, if any, shall also be bound
5  by the terms of this Stipulation as Guarantors.  This shall include any additional entities in which
6  Richard Ledeit is an officer, owner or possesses any ownership interest.  Defendant/Guarantor and
7  all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any
8  assignment, affiliation or purchase, as well as all other terms herein.

    3.    Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| **AUDIT (1/1/10-3/31/13):** | | | |
| Contribution Underpayments | $46,417.47 | | |
| 5% Interest (through 4/30/14) | $5,409.44 | | |
| 20% Liquidated Damages | $9,283.49 | | |
| Testing Fees | $1,810.00 | | |
| | | **$62,920.40** | |
| **AUDIT (4/1/13-12/31/13):** | | | |
| Contribution Underpayments | $801.28 | | |
| 5% Interest (through 4/30/14) | $21.20 | | |
| 20% Liquidated Damages | $160.26 | | |
| Testing Fees | $1,330.00 | | |
| | | **$2,312.74** | |
| **CONTRIBUTIONS** | | | |
| 5/14 Contributions[1] | $0.00 | | |
| 5% Interest on 5/14 Contributions (7/1/14-7/17/14) | $18.74 | | |
| 20% Liquidated Damages on 5/14 Contributions | $1,609.30 | | |
| 6/14 Contributions[2] | $8,046.48 | | |
| 20% Liquidated Damages on 6/14 Contributions | $1,609.30 | | |
| | | **$11,283.82** | |
| **Subtotal:** | | | **$76,516.96** |
| 5% Interest on Late- Paid 4/14 Contributions (6/1/14 – 7/1/14) | | | $36.80 |

---

[1] Defendant's payment for May 2014 contributions in the reported amount of $8,046.48 was deposited on May 17, 2014, but has not yet cleared the bank.  Should Defendant's May 2014 contributions payment fail to clear the bank, the amount of $8,046.48 shall be added to this Judgment.

[2] Counsel for Defendant advises that payment for Defendant's June 2014 contributions in the reported amount of $8,046.48 has been sent to Plaintiffs.  Upon receipt and bank clearance of Defendant's June 2014 contributions payment, Defendant's payment of $8,046.48 shall be deducted from the total amount owed by Defendant under this Judgment.

| | | |
|---|---|---|
| 20% Liquidated Damages on Late-Paid 4/14 Contributions | | $1,733.08 |
| Additional 5% Interest Owed on Audits (5/1/14-7/22/14) | | $536.87 |
| Attorneys' Fees (through 7/22/14) | | $8,867.50 |
| Costs (through 7/22/14) | | $573.07 |
| **TOTAL DUE:** | | **$88,264.28** |

4. Defendant/Guarantor shall *conditionally* pay the amount of **$73,868.85**, representing all of the above amounts, less conditionally-waived liquidated damages in the amount of **$14,395.43**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on **August 25, 2014**, and on or before the twenty-fifth (25th) day of each month thereafter for a period of thirty four (34) months, through and including May 25, 2017, Defendant/Guarantor shall pay to Plaintiffs the amount of $**2,335.00** per month;

(b) Payments may be made by joint check, to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(c) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from July 23, 2014, at the rate of 5% per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

(e) Checks shall be made payable to the ***District Council 16 Northern California Trust Funds***, and delivered on or before each due date to Erica J. Russell, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

      (f)    At the time that Defendant makes its thirty-third (33rd) stipulated payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with its thirty-third (33rd) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

      (g)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant in writing by regular mail and copied to Defendant's attorney at joseph.appel@ogletreedeakins.com as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all additional interest, attorneys' fees, and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on May 25, 2017; and

      (h)    Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 10 shall apply.

      5.    In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Stipulation. If this occurs, Plaintiffs shall make a written demand to Defendant/Guarantor by regular mail, and copied to Defendant's attorney via email at joseph.appel@ogletreedeakins.com, to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

      6.    Beginning with contributions due for hours worked by Defendant's employees during the month of **July 2014**, due on August 15, 2014 and delinquent if not received by the

-4-
**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**
**Case No.: C13-5378 SA**

Trust Funds by August 31, 2014, and for every month thereafter until this Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.

Defendant shall fax or email a <u>copy</u> of its contribution report for each month, together with a copy of that payment check, to *Erica J. Russell and Bree Johnson at 415-882-9287* or to erussell@sjlawcorp.com and bjohnson@sjlawcorp.com, at the same time Defendant sends the report and payment to the Trust Fund office.

Failure to comply with these terms shall constitute a default of the obligations under this Agreement and the provisions of ¶ 10 shall apply.

7.  Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. **Defendant shall submit said updated list <u>on or before the last day of the month</u> either by email to both erussell@sjlawcorp.com and bjohnson@sjlawcorp.com, or by facsimile to Erica J. Russell and Bree Johnson at 415-882-9287.** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit the job report stating that there are no current jobs. A blank job report form is attached hereto for Defendant's use, as *Exhibit A*.

**To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said reports** *will be faxed or emailed to Erica J. Russell and Bree Johnson at 415-882-9287 or erussell@sjlawcorp.com and bjohnson@sjlawcorp.com* **concurrently with their submission to the general contractor, owner, or other reporting agency at Plaintiffs' request.**

Failure by Defendant to timely submit updated job reports shall constitute a default of the obligations under this Agreement, which Defendant/Guarantor shall be permitted to cure within seven (7) days' written notice from Plaintiffs to Defendant/Guarantor.

8.  **Audit:** Should the Trust Funds request a further audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement, which Defendant/Guarantor shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a) In the event that additional amounts are found due on a further audit, Plaintiffs shall send a written demand to Defendant by regular mail and copied to Defendant's attorney via email at joseph.appel@ogletreedeakins.com, for payment in full of the amounts found due in the further audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b) Defendant will be provided with ten (10) days in which to review the audit report, and provide evidence to contest the findings. In the event that Defendant does not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendant's time to respond to the audit report or comply with payment requirements shall then run from the time that Defendant receives Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Erica J. Russell at the address provided above.

(c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised billing.

(e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or

Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

    (f)    Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this Stipulation. All amounts found due on the further audit shall immediately become part of this Judgment.

    9.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 10 shall apply. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by further audit, or other means, and the provisions of this Agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

    10.    In the event that Defendant/Guarantor fail to make any payment required under ¶ 4 above, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

    (a)    The entire balance of **$88,264.28**, as specified in ¶ 3 above, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

    (b)    A Writ of Execution may be obtained against Defendant/Guarantor without further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon

declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default;

    (c) Defendant/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor; and

    (d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

  11. Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

  12. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

  13. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

  14. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs'

1 Plan Documents, Trust Agreements incorporated into the Bargaining Agreement, and applicable laws and regulations.

2 15. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17. Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: July 23, 2014     **LEDEIT & SONS GLASS, INC.**

By: _____/S/_____
Richard LeDeit
RMO/CEO/President of Defendant

Dated: July 23, 2014     **RICHARD LEDEIT**

By: _____/S/_____
Richard LeDeit, Individually as Personal Guarantor

Dated: July 24, 2014     **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: _____/S/_____
Joseph L.J. Appel
Attorneys for Defendant

Dated: July 24, 2014     **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/S/_____
Erica J. Russell
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2014     _____
UNITED STATES DISTRICT COURT JUDGE

|   | *EXHIBIT A* |
|---|---|

*JOB REPORT FORM*

*** Updated report must be faxed to Erica J. Russell, Esq., at (415) 882-9287 on the <u>last business</u> day of each month ***

**Employer Name: <u>LEDEIT & SONS GLASS, INC.</u>**

Report for the month of _____, 20__ Submitted by: _____

| **Project Name:** | |   |   |
|---|---|---|---|
| **Project Address:** | |   |   |
| **General Contractor:** | |   |   |
| **General Contractor Address:** | |   |   |
| **General Contractor Telephone #:** |   | **Project Manager Name:** |   |
| **Project Manager Telephone #:** |   | **Project Manager address:** |   |
| **Contract #:** |   | **Contract Date:** |   |
| **Total Contract Value:** | |   |   |
| **Work Start Date:** |   | **Work Completion** |   |
| **Project Bond #:** |   | **Surety:** |   |

| **Project Name:** | |   |   |
|---|---|---|---|
| **Project Address:** | |   |   |
| **General Contractor:** | |   |   |
| **General Contractor Address:** | |   |   |
| **General Contractor Telephone #:** |   | **Project Manager Name:** |   |
| **Project Manager Telephone #:** |   | **Project Manager address:** |   |
| **Contract #:** |   | **Contract Date:** |   |
| **Total Contract Value:** | |   |   |
| **Work Start Date:** |   | **Work Completion** |   |
| **Project Bond #:** |   | **Surety:** |   |

*** *Attach additional sheets as necessary* ***

18.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: July 23 2014                LEDEIT & SONS GLASS, INC.

                                   By: _____
                                   Richard LeDeit
                                   RMO/CEO/President of Defendant

Dated: July 23, 2014               RICHARD LEDEIT

                                   By: _____
                                   Richard LeDeit, Individually as Personal Guarantor

Dated: July 24, 2014               OGLETREE, DEAKINS, NASH,
                                   SMOAK & STEWART, P.C.

                                   By: _____
                                   Joseph L.J. Appel
                                   Attorneys for Defendant

Dated: July 24, 2014               SALTZMAN AND JOHNSON LAW
                                   CORPORATION

                                   By: _____
                                   Erica J. Russell
                                   Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____August 5, 2014          _____
                                    UNITED STATES DISTRICT COURT JUDGE